COMMONWEALTH *vs.* HANNA PORN.

Worcester.    March 11, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Practice, Criminal,* Exceptions.    *Superior . Court.    Jurisdiction.    Midwife.    Physicians and Surgeons,* Registration.    *Evidence,* Opinion : experts.

After the judge of the Superior Court who presided at the trial of a criminal complaint and allowed a bill of exceptions has died, another judge of that court who did not sit at the trial has not the power under R. L. c. 173, § 108, to allow a more extended draft of the exceptions, although the district attorney does not object.

At the trial of a complaint alleging that a defendant held herself out as a practitioner of medicine and practised medicine without being registered as a qualified physician by the board of registration in medicine, it appeared that the defendant held herself out as a practitioner of midwifery and practised midwifery, and she offered expert evidence to prove that the practice of midwifery is not the practice of medicine in any of its branches.  *Held,* that the defendant should be allowed to prove by expert testimony what a midwife does or is expected to do as such so that the court may see whether her acts or any of them are to be regarded as the practice of medicine in any of its branches.

COMPLAINT, received and sworn to in the First District Court of Northern Worcester on July 27, 1905, charging, under R. L. c. 76, § 8, in one count that the defendant at certain specified times and at Gardner in this Commonwealth " did hold herself out as a practitioner of medicine, the said Hanna Porn not being then and there registered as a qualified physician by the board of

registration in medicine as required by law and not being then and there authorized to practise medicine within this Commonwealth "; and in a second count charging that the defendant at certain specified times at said Gardner " did practise medicine, the said Hanna Porn not being then and there registered as a qualified physician by the board of registration in medicine, as required by law, and not being then and there authorized to practise medicine within this Commonwealth." No specifications other than those given in the complaint were filed.

There was a trial on October 27, 1905, before *Maynard*, J., and a verdict of guilty. The defendant filed a bill of exceptions on October 30, 1905, which was allowed by Maynard, J. This bill of exceptions is given in full below. About a week before November 30, 1906, after the death of Maynard, J., the defendant filed another document entitled " Defendant's Bill of Exceptions," as to which *Bell*, J. made the following memorandum:

" November 30, 1906. Judge Maynard presided at the trial of this case. The defendant seasonably filed a bill of exceptions which was allowed by him. Since his death the defendant has filed an amended bill which I have now examined and I allow the same if I have power to do so, the district attorney being content."

In this document the facts as they appeared at the trial were fully stated, and were that the defendant held herself out to practice and did practice midwifery without being registered as a physician.

The entire first bill of exceptions was as follows:

" The defendant was tried before Justice Maynard of our Superior Court on October 27, 1905, on a complaint charging her with illegal practice of medicine in violation of R. L. c. 76, § 8.

" She offered expert evidence to prove that the practice of midwifery is not the practice of medicine in any of its branches, in violation of law, which was excluded subject to her exception.

" It was ruled by the court that the practice of midwifery is the practice of medicine, and that it is in violation of the statute above referred to, subject to the defendant's exception."

*F. Bergstrom*, for the defendant.

*G. S. Taft*, District Attorney, & *E. I. Morgan*, Assistant District Attorney, for the Commonwealth, submitted a brief.

HAMMOND, J.   This is a complaint under R. L. c. 76, § 8, which makes it a criminal offence for any person to "practice medicine in any of its branches" without being duly registered. A trial was had before a jury in the Superior Court.   A verdict of guilty was rendered.   Exceptions taken by the defendant at the trial were seasonably presented to the trial judge and were duly allowed by him.   After his death, which soon after occurred, another and fuller draft of the exceptions was presented to another justice of that court, who did not sit at the trial.   By the consent of the district attorney this justice made a certificate that he allowed the exceptions if he had the power to do so.

We are of opinion that he did not have that power to allow this second bill of exceptions.   R. L. c. 173, § 108 (the only statute material to this inquiry), which provides that in certain cases a judge other than the one presiding at the trial where exceptions are taken may examine and allow the exceptions, is applicable only when the trial judge fails to sign or return them.   In the present case there was no such failure; and therefore the exceptions allowed by him are the only ones properly before us.

The record recites that the defendant offered to show by expert evidence that the practice of midwifery was not the practice of medicine in any of its branches in violation of law.   The district attorney argues that whether the practice of midwifery is the practice of any branch of medicine in violation of law is a question of law, and therefore not a subject for expert evidence; and that the record is to be interpreted as an offer to introduce expert evidence upon that question of law.   But we do not so interpret it.   While the offer is brief and not so clear as it might be, yet we understand it to state in substance an offer to prove by expert medical testimony what a midwife does or is expected to do as such, so that the court may see whether her acts or any of them are to be regarded as the practice of medicine in any of its branches; and we understand the phrase, "in violation of law," to be simply a statement by the defendant that when this evidence is produced it will appear that such acts are not the practice of medicine in any of its branches.

Upon this interpretation of the record, for this limited purpose, the evidence was admissible.   Whether upon such evidence

it would appear that the ministrations of a midwife are those of a physician, or rather of an attendant nurse and helper, would ordinarily be a question of fact or, if the facts were not in dispute, a question of law.

*Exceptions sustained.*