## COMMONWEALTH *vs.* HANNA PORN.

Worcester.    September 30, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Physicians and Surgeons.    Midwife.    Evidence,* Opinion: experts.    *Constitutional Law.    Words,* " Practise medicine."

A woman who practises midwifery, and in addition to rendering ordinary assistance in normal cases of childbirth makes occasional use of obstetrical instruments and in treating her patients prescribes for certain conditions in accordance with the directions of six printed formulas, is engaged in the practice of medicine in one of its branches, and if she is not lawfully authorized to practise medicine within this Commonwealth and is not registered as required by R. L. c. 76, § 3, she may be found to be guilty of a violation of the provisions of § 8 of the same chapter.

At the trial of a complaint charging the defendant with practising medicine and holding herself out as a practitioner of medicine contrary to the provisions of R. L. c. 76, § 8, where it appears by an agreed statement of facts that the defendant practised midwifery, and in addition to rendering assistance in normal cases of childbirth made occasional use of obstetrical instruments and in treating her patients prescribed for certain conditions in accordance with the directions of six printed formulas, the defendant cannot be allowed to introduce the testimony of experts for the purpose of proving that the practice of the defendant as shown by the agreed facts was not the practice of medicine in any of its branches and that the conduct of the defendant was not holding herself out as a practitioner of medicine, as only the court can determine what constitutes the practice of medicine within the meaning of the statute.

The fact, that R. L. c. 76, § 8, making it a criminal offence to practise medicine in any of its branches without being authorized and registered as required by the provisions of that chapter, includes the practice of midwifery when carried on in a certain manner, does not make the statute unconstitutional.

RUGG, J.    This is a complaint charging that the defendant " did practise medicine " and " hold herself out as a practitioner of medicine," contrary to R. L. c. 76, § 8.  After the case was before us in 195 Mass. 443, the defendant was tried again in the Superior Court upon an agreed statement of facts,[*] by which it appeared that at the time mentioned in the complaint, and for some years before, the defendant held herself out as a midwife and practised midwifery, but did not claim to be a general practitioner of medicine, nor was she lawfully authorized to prac-

---

[*] The trial on the agreed statement of facts was before *Aiken,* C. J.

tise medicine as provided by R. L. c. 76, § 3. She delivered many women in childbirth for compensation, and carried with her to her patients the usual obstetrical instruments, which she used rarely on occasions of emergency, but never if a physician could be called in time. She used six printed prescriptions or formulas in treating her patients, which contained directions for their application, and the purposes for which they were used, as follows: " For vaginal douche," " For post partum hemorrhage," " To prevent purulent ophthalmia in the new-born," " For after-pains," " For uterine inertia," and " For painful hemorrhoids or piles." She used no other prescriptions or formulas. She was a trained nurse of experience, and was a graduate of the " Chicago Midwife Institute," from which she received a diploma, which stated that she had received theoretical and practical instruction in the art of midwifery for a period of six months, and was declared a graduated midwife. Upon these facts the Superior Court ruled that the jury would be authorized to find the defendant guilty, and the defendant's first exception relates to this ruling. When the facts are undisputed, it is generally a question of law whether they constitute a violation of the statute. *Commonwealth* v. *Porn*, 195 Mass. 443, 446. Both medical and popular lexicographers define midwife as a female obstetrician, and midwifery as the practice of obstetrics. R. L. c. 76, § 7, mentions obstetrics as one of the subjects of examination for the purpose of testing an applicant's fitness to "practise medicine." This goes far toward showing that obstetrics is a branch of the practice of medicine. It requires no discussion to demonstrate that, when, in addition to ordinary assistance in the normal cases of childbirth, there is the occasional use of obstetrical instruments, and a habit of prescribing for the conditions described in the printed formulas which the defendant carried, such a course of conduct constitutes a practice of medicine in one of its branches. Although childbirth is not a disease, but a normal function of women, yet the practice of medicine does not appertain exclusively to disease, and obstetrics as matter of common knowledge has long been treated as a highly important branch of the science of medicine. In *Higgins* v. *McCabe*, 126 Mass. 13, it is intimated that treatment of eyes of the infant, (for which one of the prescriptions of the defendant

was employed,) is not within the duties of midwifery. In view of all the agreed facts, there was no error in submitting the case to the jury.

The defendant also offered expert testimony to prove that the practice of the defendant, as shown in the agreed facts, was not the practice of medicine in any of its branches, and that the conduct of the defendant was not holding herself out as a practitioner of medicine. The evidence thus offered was excluded against the objection and exception of the defendant.

In the former opinion in this case it was said that expert medical evidence was admissible to prove "what a midwife does or is expected to do as such, so that the court may see whether her acts or any of them are regarded as the practice of medicine in any of its branches. . . . Whether upon such evidence it would appear that the ministrations of a midwife are those of a physician, or rather of an attendant nurse and helper, would ordinarily be a question of fact, or if the facts were not in dispute, a question of law." 195 Mass. 445, 446. At the present trial the facts were agreed. All that the defendant sought to show was that these facts in the opinion of experts did not constitute the practice of medicine. But as the facts were not in dispute, within the former decision, the question was not one for expert evidence, but for the court. Moreover, on all the facts shown as to the use of prescriptions and the pains they were stated to alleviate and the use of obstetrical instruments, as well as the attendance and service at childbirth by the defendant, it would be contrary to the plain intent of the statute and flying in the face of the common use of words to permit experts to testify that the language employed in the statute did not comprehend the acts confessedly performed by the defendant. We are far from saying that it would not be within the power of the Legislature to separate by a line of statutory demarcation the work of the midwife from that of the practitioner in medicine. See Midwives act, 1902, 2 Edw. VII. c. 17, and collection of statutes in 1 Witthaus & Becker Med. Jur. 137, *et seq.* The statute now under consideration does not make such a separation. *State* v. *Welch,* 129 N. C. 579. Whatever hardship there may be upon the defendant, who is a woman of good character and reputation as shown by the agreed facts, comes from the scope of the statute.

The defendant contends that the statute as thus construed is unconstitutional.* Its validity cannot be questioned on this ground. The maintenance of a high standard of professional qualifications for physicians is of vital concern to the public health, and reasonable regulations to this end do not contravene any provision of the State or Federal Constitution. *Hewitt* v. *Charier*, 16 Pick. 353. *Brown* v. *Russell*, 166 Mass. 14, 23. *Decie* v. *Brown*, 167 Mass. 290. *Hawker* v. *New York*, 170 U. S. 189. *Reetz* v. *Michigan*, 188 U. S. 505. *Meffert* v. *Packer*, 195 U. S. 625.

*Exceptions overruled.*

The case was submitted on briefs.

*F. Bergstrom*, for the defendant.

*G. S. Taft*, District Attorney, & *E. I. Morgan*, Assistant District Attorney, for the Commonwealth.

---

* The defendant argued that R. L. c. 76, § 8, if construed to include the practice of midwifery, was unconstitutional as class legislation, because other classes of persons not midwives are exempted from its operation by § 9.