COMMONWEALTH *vs.* W. E. ELLSWORTH JEWELLE.

Hampden.     September 22, 1908. — October 19, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Practice, Criminal,* Exceptions. *Physicians and Surgeons. Constitutional Law. Statute. Words,* "Practice of medicine."

Exceptions at the close of the charge of the judge presiding at the trial of a complaint against the defendant for the commission of a crime, which merely state that they are to the judge's "rulings and refusals to rule," do not give the excepting party the right to object to the charge as a whole, or to statements therein regarding matters to which he did not call the judge's attention.

The science of medicine includes a knowledge, not only of the functions of the organs of the human body, but also of the diseases to which such organs are subject and of the laws of health and the mode of living which tend to avert or overcome disease, as well as of the specific methods of treatment that are most effective in promoting cures, and is not limited to that department of knowledge which relates to the administration of medicinal substances.

One, who is not lawfully authorized and registered to practise medicine within this Commonwealth, may "practise medicine" and thus violate the provisions of R. L. c. 76, § 8, which impose a penalty in case a person so unauthorized and unregistered practises medicine, although he assumes to practise as a member of one of the schools, members of which by § 9 are excepted from the provisions of § 8 "if they do not violate any of the provisions" of that section, and although he does not prescribe or deal out a substance to be used as a medicine.

At the trial of one charged under R. L. c. 76, § 8, with practising medicine although not lawfully authorized or registered so to do, there was evidence tending to show that the defendant, who did not contend that he had any knowledge of drugs or of disease in the ordinary sense, at times made diagnoses of his patients, and prescribed medicines for them. *Held,* that there was evidence warranting a conviction.

R. L. c. 76, § 8, imposing a penalty for the unauthorized practice of medicine by persons not properly registered in accordance with the statute, is constitutional.

COMPLAINT, received and sworn to in the Police Court of the City of Springfield September 14, 1906, under R. L. c. 76, § 8, charging the defendant with practising medicine without being lawfully authorized so to do or registered as a practitioner of medicine.

On appeal to the Superior Court, there was a trial before *Crosby,* J. The defendant was convicted and alleged exceptions. The facts are stated in the opinion.

The case was submitted on briefs.

*R. J. Talbot*, for the defendant.

*S. S. Taft*, District Attorney, for the Commonwealth.

KNOWLTON, C. J. The defendant was convicted under a complaint charging him with a violation of the R. L. c. 76, § 8, by practising medicine in this Commonwealth without being lawfully authorized so to do. There was conflicting evidence at the trial in regard to what he had done. To quote from the judge's charge, " The Commonwealth says also that upon different occasions the defendant has prescribed medicines, and administered and advertised that he prescribed as a part of his treatment, what he called ' vitalizer,' and that he has been in the habit of giving what are called electric or ray baths, and that on one or more occasions in the giving of what was called the stomach wash, another substance than water was in the tumbler, which was taken by the patient." There was also evidence that on different occasions he " did make a diagnosis of the patients, for the purpose of ascertaining what ailed them and that then he prescribed for them treatment which was afterwards administered to them." The defendant did not admit this. In his charge the judge said, " The defendant does not claim that he has any knowledge of drugs or of disease in the ordinary sense in which that word is used. I understand him to testify that he did not understand about diseases, that he did not treat disease; but that he treated the healthy portion of the body."

The defendant asked the presiding judge to rule that, " There is no law against a person being a mind cure healer, or a massage healer, or an osteopathist; he can practise his healing so long as he did not prescribe or deal out medicine." The defendant excepted to the refusal of the judge to give in terms the last part of this request. He also excepted to the " rulings and refusals to rule."

This latter exception cannot avail the defendant to open objections to the charge as a whole, or to statements in the charge on matters to which the judge's attention was not called by the defendant. *Curry* v. *Porter*, 125 Mass. 94. *Commonwealth* v. *Meserve*, 154 Mass. 64, 65. Under the decision in *Brick* v. *Bosworth*, 162 Mass. 334, nothing more than the refusal of the request and the rulings given upon the specific matters to which

attention was called by the request is opened by such an objection.

The first part of the request was plainly covered by the judge's charge. As to the last clause of the request, the charge, was, in substance, that such a person can practise his healing or treatment in either of these ways, so long as he does not go beyond the practice or treatment that is fairly included in such of these methods as he adopts, and practise medicine within the meaning of the R. L. c. 76, § 8, otherwise than by using one or more of these methods. The defendant's request implied that one could not practise medicine within the meaning of the words in § 8 without prescribing or dealing out medicine, that is, prescribing or dealing out a substance used as a remedy for disease. The judge allowed the jury to find that one might practise medicine within the meaning of the statute, that is, might practise the healing art, or the art or science which relates to the prevention, cure or alleviation of disease, without necessarily prescribing or dealing out a substance to be used as a medicine. In this we think he was right. It would be too narrow a view of the practice of medicine to say that it could not be engaged in in any case or class of cases otherwise than by prescribing or dealing out a, substance to be used as a remedy. The science of medicine, that is, the science which relates to the prevention, cure or alleviation of disease, covers a broad field, and is not limited to that department of knowledge which relates to the administration of medicinal substances. It includes a knowledge, not only of the functions of the organs of the human body, but also of the diseases to which these organs are subject, and of the laws of health and the modes of living which tend to avert or overcome disease, as well as of the specific methods of treatment that are most effective in promoting cures. It is conceivable that one may practise medicine to some extent, in certain classes of cases, without dealing out or prescribing drugs or other substances to be used as medicines. It is conceivable that one may do it in other ways than those practised as a part of their respective systems, by either " osteopathists, pharmacists, clairvoyants or persons practising hypnotism, magnetic healing, mind cure, massage cure science, or the cosmopathic method of healing."

The purpose of the statute seems to be to permit the practice

of these several methods of treatment, including everything that strictly belongs to each; but not to permit the unlicensed practice of medicine otherwise. If a practice of medicine otherwise, without dealing out or prescribing drugs or other substances to be used as medicine, is possible, the rulings and refusals to rule were right. We think such a practice of medicine is possible.

There is nothing in the bill of exceptions, except the statements in the judge's charge, to show what the facts were upon which the Commonwealth relied. There were no other requests for instructions as to what would constitute the practice of medicine, and there is nothing to show that more specific instructions. were necessary. Much less is there any exception to the failure to instruct more particularly as to what would constitute the practice of medicine.

There is much to indicate that the defendant not only practised medicine in other ways, but that he dealt out substances to be used as medicines, which did not apply to the practice of osteopathy, mind cure or massage. These exceptions must be overruled.

The defendant also excepted to the refusal of the court to grant his motion to dismiss the complaint, on the ground that the statute is unconstitutional. The question thus raised was decided against the defendant's contention in *Commonwealth* v. *Porn*, 196 Mass. 326.

*Exceptions overruled.*