COMMONWEALTH vs. EVA H. DELON.

Hampden.     September 21, 1914. — November 23, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Physicians and Surgeons.   Clairvoyant.   Words, "Clairvoyant."*

Section 9 of R. L. c. 76, which creates exceptions to the general rule established by § 8 making unlawful the practice of medicine under certain conditions, is to be construed strictly, and the word "clairvoyants," used to describe a class of persons to whom the provisions of § 8 shall not apply, must be given its accurate meaning describing persons who see while in a trance things which by reason of distance or for some other reason ordinarily are not visible.

At the trial of a complaint alleging that a woman defendant, without being lawfully authorized or registered so to do, held herself out as a practitioner of medicine and practiced medicine in violation of R. L. c. 76, § 8, the defense relied upon was that what the defendant had done was as a clairvoyant and was within the exception established by § 9 of the statute. There was evidence that the defendant, when consulted by a patient, went into a trance, while in the trance gave advice, and on coming out of the trance furnished the patient with medicine. The judge instructed the jury that the defendant, although a clairvoyant, was not within the exception specified in § 9 if, "for the cure, prevention or alleviation of any pain, disease or ailment of those seeking treatment from the defendant, she prescribed or directed any drug or medicine, with the expectation of receiving compensation therefor." *Held,* that the instruction was right.

COMPLAINT, received and sworn to in the Police Court of Springfield on December 31, 1913, charging that the defendant, without being lawfully authorized or registered to practice medicine in this Commonwealth, held herself out as such a practitioner and practiced and attempted to practice medicine.

On appeal to the Superior Court the case was tried before *Aiken,* C. J. The material facts which the evidence tended to prove and a portion of the charge to which the defendant excepted are stated in the opinion. The jury returned a verdict of guilty; and the defendant alleged exceptions.

The case was submitted on briefs.

*W. A. Davenport,* for the defendant.

*J. O'Shea,* District Attorney, for the Commonwealth.

LORING, J. The defendant was convicted of practicing medicine in violation of R. L. c. 76, § 8. Her defense was that what

she did was done by her as a clairvoyant within the last clause of R. L. c. 76, § 9. The Commonwealth introduced evidence that two men called on her for treatment; that while asleep, holding the patient's hands, she gave advice to the first and told the second the nature of his sickness; and that in both cases she furnished the patients with medicine for which she was paid. The defendant took the stand in her own behalf and testified that she was not learned in diseases or in medicine; that when consulted by a patient she went into a trance and that while in the trance she was told by "occult force" what the matter with the patient was and what remedy to prescribe; and that on coming out of the trance she prescribed what had been revealed to her while she was in it.

The judge instructed the jury "that, although she [the defendant] be a clairvoyant, in her line of practice, she is not within the exception specified in the statute, if, for the cure, prevention or alleviation of any pain, disease or ailment of those seeking treatment from the defendant, she prescribed or directed any drug or medicine, with the expectation of receiving compensation therefor." To this an exception was taken.

Possibly the word "clairvoyant" might be interpreted to include one who hears communications made by "occult force" while in a trance. But in the accurate and indeed in the ordinary meaning of the word it is confined to a person who sees, while in a trance, things which by reason of distance or for other reasons are not ordinarily visible. We are of opinion that § 9 of R. L. c. 76, in creating exceptions to the general rule established by § 8 of that act, is to be construed strictly. It follows that the word "clairvoyant" must be construed accurately. So construed, it does not authorize a defendant to prescribe medicines revealed to his hearing by "occult force" while in a trance. The instruction given was right and the entry must be

*Exceptions overruled.*