In the Matter of Horatio N. Allin.

Suffolk.     November 17, 1915. — May 15, 1916.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Carroll, JJ.

*Attorney at Law*, Disbarment. *Disbarment Proceedings.*

Disbarment proceedings are not begun by a writ, and the usual form of procedure, which here was followed, of filing a petition in the Superior Court setting forth certain causes for disbarment, upon which an order of notice to appear and show cause why his name should not be stricken from the roll is issued to the accused attorney in the usual form signed by the clerk and, together with a copy of the petition, is delivered in hand to such attorney, violates no constitutional right and no statutory provision.

Where, after a hearing on the merits upon disbarment proceedings in which the petition alleged only one ground for disbarment, the trial judge made findings of fact in which he found that the ground alleged in the petition was "abundantly established," and also found two other grounds for disbarment which were not alleged in the petition, but made an order for disbarment based on the single matter alleged in the petition, it was *said*, that it was not necessary to determine whether, after a trial in which the accused attorney had had ample opportunity to be heard on all matters, the order for disbarment might not have been based on one or both of the grounds not included in the petition, or to determine *whether* the petition under the circumstances might not have been amended to conform to the evidence.

Where an attorney at law brought an action for a woman client against certain defendants, and the action was settled by the entry of judgment for the defendants upon an agreement in writing signed by this attorney without the knowledge or special consent of his client and without giving her notice of it after it was entered, and where such entry of judgment was a part of the consideration given

by such attorney for an option to him from the defendants to purchase certain real estate, and the attorney concealed this transaction from his client until she learned of it at some time later and brought a suit against him to enforce her rights, an order for the disbarment of the attorney is warranted.

In disbarment proceedings based on the facts stated above, the circumstance, that the real estate speculation entered into by the attorney through the option thus acquired by him turned out disastrously for him, has no bearing upon his want of faithfulness to his client.

If in such disbarment proceedings it should have been found that the attorney originally had authority from his client to dispose of her case as he deemed best, this would not justify his want of fidelity to her.

The facts narrated above also were *held* to have justified a further finding made by the trial judge that the attorney was "guilty of gross misconduct in his office."

The provisions of R. L. c. 173, §§ 79, 109, that in an action at law where exceptions have been filed judgment shall not be entered unless the exceptions are adjudged immaterial, frivolous or intended for delay, have no application to disbarment proceedings, in which an order for the disbarment of the accused attorney properly may be entered while exceptions taken by him are pending.

A judge of the Superior Court is not disqualified from hearing a petition for the disbarment of an attorney at law by reason of such judge's membership in the bar association that instituted the proceedings. Following *Boston Bar Association* v. *Casey*, 211 Mass. 187.

The denial of a motion for a rehearing in disbarment proceedings here was *held* to have been a matter wholly within the discretion of the trial judge.

In disbarment proceedings, where an order for the disbarment of the accused attorney has been held by this court to have been warranted and a finding that the attorney was guilty of gross misconduct in his office also has been held to have been warranted, it is not a question of law for determination by this court whether an absolute removal or merely a suspension from practice for a specified period was required in order that the demands of justice might be met and the protection might be afforded to the public which only an upright bar can give.

RUGG, C. J. This is a proceeding for the disbarment of an attorney at law.

1. The motion to dismiss was denied and overruled * rightly. It was based on the ground that the process employed in bringing the matter to the attention of the court was not in accordance with the Constitution and statutes of this Commonwealth and with the clauses of the Constitution of the United States guaranteeing due process of law and equal protection of the laws, in that the notice issued to him was not under the seal of the court and did not bear *teste* of the first justice of the court. Const. Mass. c. 6, art. 6. R. L. c. 166, § 1; c. 167, §§ 15, 19, 20, 21.

A petition was filed in the Superior Court setting forth certain causes for disbarment, upon which issued an order of notice to

---

* *Wait*, J.

appear in the usual form signed by the clerk. The return of service shows that a copy of the petition with the order of the court thereon was delivered in hand to Mr. Allin. This was in accordance with a general practice.

A proceeding for the removal of an attorney at law from his office is not instituted, prosecuted or forwarded by a writ. It is not "founded on legal process according to the signification of the words '*per. legem terræ,*' as used in Magna Charta," and in the Constitution and statutes. "At common law an attorney was always liable to be dealt with in a summary way. . . . No complaint, indictment or information was ever necessary as the foundation of such proceedings. Usually they are commenced by rule to show cause, or by an attachment or summons to answer. . . . Sometimes they are founded on affidavit of the facts . . .; in other cases, by an order to show cause why he should not be stricken from the roll; and when the court judicially know of the misconduct of an attorney, they will of their own motion order an inquiry to be made . . . without issuing any process whatever." *Randall, petitioner,* 11 Allen, 473, 479. In the respect that no writ or process issues, this proceeding resembles a petition for a writ of mandamus and for other extraordinary writs. *Taylor* v. *Henry,* 2 Pick. 397, for preliminary injunction and numerous other orders or rules to show cause. See *Kennard* v. *Louisiana,* 92 U. S. 480. No constitutional right of Mr. Allin has been infringed and no statutory provisions violated by this method of procedure. *Boston Bar Association* v. *Casey,* 211 Mass. 187, 193. *Ex parte Wall,* 107 U. S. 265–267, 271, 272. *Randall* v. *Brigham,* 7 Wall. 523, 539, 540. *Thatcher* v. *United States,* 129 C. C. A. 255, 260.

2. A finding was made after a hearing on the merits, to this effect: "He has wittingly promoted and sued a groundless suit; he has done falsehood in court, and he has not conducted himself in the office of an attorney within the courts with due fidelity to his client. While the first two of these specifications have appeared from the evidence, they are not made the ground of accusation against him in the petition filed in this matter. The third specification is the basis of the proceeding against him and is abundantly established." It is not necessary to determine whether, under the principles of procedure already alluded to which are discussed at length in the cases heretofore cited, the court, after

a trial in which the accused attorney had had ample opportunity to be heard on all matters, might not have proceeded on the first two specifications, or whether the petition might not have been amended under the circumstances to conform to the evidence, *Boston Bar Association* v. *Greenhood,* 168 Mass. 169, 184, for the judge confined his action in making the order for disbarment to the ground specified. The statement of the other findings constituted no error. They all relate to the single matter of the conduct of the action brought for Mrs. Kelly by Mr. Allin. That whole transaction from its inception to its conclusion was a proper matter of investigation.

3. The finding to the effect that there had been want of fidelity to his client, Mrs. Kelly, in his conduct as attorney toward her, was warranted. It is not necessary to recite the evidence in detail. It was somewhat conflicting. A careful perusal of it convinces us that there was sufficient testimony to justify the conclusion reached. *Boston Bar Association* v. *Scott,* 209 Mass. 200, 203. Summarily stated, there is evidence which, if believed, as it must have been by the trial judge, showed that an action was brought in the name of Mrs. Kelly against certain defendants. That action was settled by the entry of judgment for the defendants by agreement in writing, signed by Mr. Allin as her attorney, without the knowledge or special consent of the plaintiff, and without notice to her, as a part consideration for the procurement of an option to Mr. Allin from the defendants, to purchase real estate. The real estate subsequently was conveyed to him in accordance with the option. This transaction was concealed from Mrs. Kelly. She learned of it some time later and brought suit to enforce her rights. See *Kelly* v. *Allin,* 212 Mass. 327. The circumstance that the real estate speculation has turned out disastrously to Mr. Allin has no bearing upon his want of faithfulness to his client. Whether as an isolated fact the attorney had original authority given to him by Mrs. Kelly to dispose of her case as he deemed best is not decisive, for even if this were so, it did not justify the course which on all the evidence it has been found that he pursued.

4. The facts narrated in the finding as to want of fidelity to the client, supported as they are by the evidence, justify the further finding that the attorney "has been guilty of gross misconduct in his office."

5. The entry of the order for disbarment * after the finding of facts, without further notice to the attorney, discloses no error of law. *Boston Bar Association* v. *Casey*, 213 Mass. 549, 556. He already had been fully heard. There was no occasion for an additional hearing upon the precise order to be entered in view of the findings. The entry of the order was not like the imposition of sentence in criminal cases. R. L. c. 173, §§ 79, 109, are irrelevant.†

6. The judge of the Superior Court was not disqualified by reason of membership in the Boston Bar Association. That question was settled after a full discussion in *Boston Bar Association* v. *Casey*, 211 Mass. 187. That such membership is not a disqualification to sit in disbarment proceedings instituted by such associations also was held in *Ex parte Alabama State Bar Association*, 92 Ala. 113, and *Bowman's Case*, 67 Mo. 146.

7. The denial of the motion for a rehearing presents no question of law. That was wholly a matter of discretion with the trial judge.

8. The general motion to vacate the judgment was denied rightly. There is no error of law upon the record in the respects there specified. The contention that the whole form of procedure was wrong has no foundation. *Randall, petitioner*, 11 Allen, 473.

9. Whether a suspension from practice for a specified period, or an absolute removal, was required in order that the demands of justice might be met and the due protection afforded to the public which only an upright bar can give, presents no question of law for our determination. *Boston Bar Association* v. *Casey*, 196 Mass. 100, 111.

10. The right of an attorney to practise his profession is precious and ought not to be taken away except after a full hearing and a fair trial. Courts should be sedulous to see that there is abundant opportunity for answering every charge if it can be an-

---

* This was entered on March 30, 1915, by order of *Wait*, J., and was as follows: "It is ordered and adjudged that the respondent, Horatio N. Allin, be, and he hereby is, removed from the office of an Attorney at Law within this Commonwealth."

† R. L. c. 173, § 79, provides that, where exceptions have been filed, "judgment shall not be entered unless the exceptions are adjudged immaterial, frivolous or intended for delay." Section 109 provides for the entry of judgment where the presiding judge finds that the exceptions taken are immaterial, frivolous or intended for delay.

swered and that no substantial error of law is committed in the course of the proceeding. A careful study of the present record convinces us that there is no occasion for reversing any order or sustaining any exception.

> *Exceptions overruled. Interlocutory orders and order of removal from the office of attorney at law affirmed.*

*H. N. Allin, pro se.*
*G. D. Burrage,* for the petitioner.