ARTHUR A. LAWRENCE *vs.* BOARD OF REGISTRATION IN MEDICINE.

Suffolk. March 18, 1921. — September 15, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Exceptions. *Physicians and Surgeons. Board of Registration in Medicine. Constitutional Law,* Police power. *Statute,* Amendment.

It was proper procedure for a single justice of this court to indorse upon a bill of exceptions, filed with him on the day succeeding the entry of a ruling that an order should be entered dismissing a writ of prohibition, a certificate that no requests for rulings or findings were made at the hearing on the petition, that no ruling was made except that involved in ordering the petition dismissed, which was made in the absence of parties on a certain day, that, on the day following

that ruling, the bill of exceptions was filed but no exception was in fact taken unless the filing of the exceptions was susceptible of that construction, and that he allowed the bill of exceptions so far as within his power under the conditions narrated.

A memorandum, filed by a single justice of this court after hearing a petition for a writ of prohibition, closed with these words: "An order is to be entered dismissing the petition." No requests for rulings or findings were presented at the hearing. The single justice found the facts to be as alleged in the petition. The petitioner alleged exceptions. *Held,* that

(1) The statement quoted was in substance and effect a ruling that on the facts found the petitioner was not entitled as matter of law to the relief sought;

(2) In order that the exceptions should be sustained, it was necessary for the petitioner to show that as a matter of law on the facts found he was entitled to the relief he sought.

If, in the absence of counsel, a judge who heard a petition for a writ of prohibition files a memorandum containing a ruling that on facts found by him the petitioner was not entitled to the relief sought, and on the next day the petitioner, without otherwise stating an exception, filed a bill alleging an exception to the ruling, such filing of the bill duly saved the exception.

While the right of a physician to practise his profession is both liberty and property and is protected by constitutional mandate from unwarrantable interference, it is not absolute and must yield to the paramount right of government to protect the public health by any rational means.

Soundness of moral fibre to insure the proper use of medical learning by a physician is essential to the public health.

St. 1917, c. 218, § 1, is a proper exercise of the police power of the Legislature determining within reasonable limits, among other tests, tests for moral character which must be met to enable one to continue in the practice of medicine.

The fact that in 1898 under R. L. c. 76, a physician was granted a certificate of registration as a practitioner in medicine which recited as the only cause for its revocation conviction of a felony or of any crime in the practice of his profession, does not prevent the revocation of his license for a new cause stated in St. 1917, c. 218, § 1.

St. 1917, c. 218, affords every reasonable safeguard to protect the rights of a practitioner in medicine against whom a complaint has been made seeking the revocation of his license.

St. 1918, c. 257, § 296, affords no defence to the complaint above described.

The revocation of a license to practise medicine is warranted under St. 1917, c. 218, § 1, if it be established that the practitioner entered into an agreement to perform an abortion or to attempt to perform an abortion.

PETITION, filed on October 27, 1920, and afterwards amended, for a writ of prohibition restraining the board of registration in medicine from hearing or adjudicating upon a complaint against the petitioner in which it was alleged that he had been guilty of "gross misconduct in the practice of his profession" in entering into an agreement on or about September 24, 1920, to perform an abortion or to attempt to perform an abortion on a certain

person, and in which the revocation of his certificate of registration as a practitioner of medicine was sought.

The petition was heard by *Jenney,* J., it being agreed that the facts set forth therein were true. The petitioner contended that he was duly registered as a practitioner in medicine in 1898, when he received the certificate from the board under R. L. c. 76; that the only cause for the revocation of his certificate therein enumerated was the conviction of a felony or any crime in the practice of his profession; that the board was without jurisdiction to try the petitioner because the complaint exhibited against him alleged no such conviction and did not charge any crime known to the law, or any attempt at the commission of such crime; that the board was without jurisdiction to suspend, revoke or cancel the petitioner's registration except for the crimes specifically set forth as a cause for such revocation in R. L. c. 76; and that the board was without jurisdiction to suspend, revoke or cancel the petitioner's registration by reason of the amendment of St. 1917, c. 218, § 1, by St. 1918, c. 257, § 296, which inserted at the beginnings of said first named statute the words "except — as otherwise provided by law," — meaning that the petitioner, having been duly registered before the enactment of St. 1917, c. 218, his registration might only be revoked for the causes specified in R. L. c. 76, § 3.

The single justice, in the absence of counsel, ordered that the petition be dismissed; and, in the manner described in the opinion, the petitioner alleged exceptions.

*H. H. Pratt (S. A. G. Cox* with him), for the petitioner.

*E. H. Abbot, Jr.,* Assistant Attorney General, (*C. R. Cabot,* Assistant Attorney General with him), for the respondents.

RUGG, C. J. This is a petition for a writ of prohibition. The petitioner was duly licensed and registered as a practitioner in medicine in this Commonwealth in 1898 and engaged in the practice of his profession until the events here involved. The respondents are the members of the board of registration in medicine. On September 28, 1920, the board of registration in medicine summoned the petitioner before it to show cause why his certificate of registration as a practitioner in medicine should not be revoked for "gross misconduct in the practice of his profession," with specification of entering into an agreement on a designated date

to perform or to attempt to perform an abortion on a person named. At the hearing before the single justice it was agreed that the facts set forth in the petition as amended were true. A brief statement of facts found was filed in which it was stated that it was not contended that the board of registration in medicine had prejudged or heard the case or made any findings as to the truth of the charge referred to in the petition, but that the petitioner contended that if guilty of that charge his certificate of registration as a physician could not be taken away because he had not been convicted of any crime. It was ordered that the petition be dismissed.

The single justice filed on the bill of exceptions a certificate setting forth that no requests were made for rulings or findings; that no ruling was made except that involved in ordering the petition dismissed which was made in the absence of parties on November 11, 1920; that, on the day following, the bill of exceptions was filed but no exception was in fact taken unless the filing of the exceptions was susceptible of that construction and that he allowed the bill of exceptions so far as within his power under the conditions narrated.

This was a proper method of dealing with the bill of exceptions. *Riley* v. *Brusendorff*, 226 Mass. 310, and cases collected at page 313.

The direction that an order be entered dismissing the petition was in substance and effect a ruling that on the facts found the petitioner was not entitled as matter of law to the relief sought. The petitioner must show that as matter of law on those facts he is entitled to relief in order to prevail. *Boucher* v. *Salem Rebuilding Commission*, 225 Mass. 18.

The taking of an exception is implied from the filing of the bill of exceptions under the conditions here revealed. While the saving an exception is the substantial thing and the filing of a bill its formal expression, where the bill itself is filed under the circumstances disclosed on this record, exception was hereby saved. *Hurley* v. *Boston Elevated Railway*, 213 Mass. 192.  *Thurston* v. *Blunt*, 216 Mass. 264.

Exception to a ruling made in absence of counsel must be taken within a reasonable time thereafter. In the case at bar it was so taken by the filing of the bill of exceptions on the day immediately

succeeding the making of the order to dismiss the petition. *Simmons* v. *Poole*, 227 Mass. 29.

The main contention of the petitioner is that St. 1917, c. 218, under the authority of which the board of registration in medicine was acting, is unconstitutional and that the board is without jurisdiction to revoke his registration and license to practise medicine.

The essential provisions of said chapter 218 are in § 1, that the board may after hearing " revoke or cancel any certificate, registration, license or authority issued by the board, if it appears to the board that the holder . . . is guilty of deceit, malpractice, gross misconduct in the practice of his profession, or of any offence against the laws of the Commonwealth relating thereto," such revocation or cancellation not to affect other punishment provided by law; in § 2 that there shall be a hearing before the board at which the practitioner may appear with witnesses and counsel; in § 3 that the board shall not defer action until the conviction of the person accused; and in § 4 that the Supreme Judicial Court may revise and reverse the decision of the board upon appropriate proceedings to that end.

The right to follow a legitimate calling for any lawful purpose is sacred and is protected both by the Constitution of the United States and that of this Commonwealth. The right of a physician to toil in his profession as well as that of all other citizens to labor in their chosen work is both liberty and property, partaking of the nature of each, and is guaranteed by constitutional mandate from unwarrantable interference. U. S. Const. art. 14 of Amendments, § 1. Declaration of Rights, arts. 1, 10. *Coppage* v. *Kansas*, 236 U. S. 1. *Bogni* v. *Perotti*, 224 Mass. 152. This right with all its sanctity and safeguards is not absolute. It must yield to the paramount right of government to protect the public health by any rational means. No argument is required to demonstrate that legislation reasonably designed to promote the general health of members of society is within the welfare clause of our Constitution, c. 1, § 1, art. 4. Laws requiring the examination, registration and certification of physicians and prohibiting all others, with exceptions not here material, from practising medicine have been upheld as not violative of any constitutional provision. *Commonwealth* v. *Porn*, 196 Mass. 326. *Commonwealth* v. *Jewelle*, 199

Mass. 558.  *Commonwealth* v. *Houtenbrink*, 235 Mass. 320.   Their
validity rests upon the proposition that those who undertake
to cure the ills, to treat the ailments, to prevent the diseases, and to
relieve the suffering of the race may be required to show them-
selves possessed of technical skill to those ends.   Soundness of
moral fibre to insure the proper use of medical learning is as
essential to the public health as medical learning itself.   Mere
intellectual power and scientific achievement without uprightness
of character may be more harmful than ignorance.   Highly trained
intelligence combined with disregard of the fundamental virtues
is a menace.   A physician, however skilful, who is guilty of deceit,
malpractice or gross misconduct in the practice of his profession
even though not amounting to an offence against the criminal laws,
well may be thought to be pernicious in relation to the health
of the community.   It is for the Legislature to determine within
reasonable limits in the exercise of the police power what the
tests shall be for moral character sufficient to enable one to con-
tinue in the practice of medicine.   The statute in this particular
is not open to objection.   The circumstance that the petitioner
already had been registered and granted a certificate to practise
medicine gave him no immunity against future legislation of the
nature embodied in said chapter 218.   He had no vested right to
prey upon society by the exercise of deceit, malpractice or gross
misconduct in the practice of his profession.   His license to prac-
tise constituted no contract of that nature.   *Burgess* v. *Mayor
& Aldermen of Brockton*, 235 Mass. 95, 100.

The statute affords every reasonable safeguard to protect the
rights of the petitioner by requiring a hearing at which he may be
present with witnesses and counsel and providing also for hearing
in court and revision and reversal of the finding of the board, if
justice demands such action.   *Stevens, landowner*, 228 Mass.
368.

There is nothing in the contention that the amendment to said
chapter 218 by St. 1918, c. 257, § 296, gives any protection to the
petitioner.

The validity of the statute is within the authority of numerous
decisions.   *Hawker* v. *New York*, 170 U. S. 189.   *Reetz* v. *Michi-
gan*, 188 U. S. 505.   *Collins* v. *Texas*, 223 U. S. 288.   *McNaughton*
v. *Johnson*, 242 U. S. 344.   *Union Dry Goods Co.* v. *Georgia Public*

*Service Corp.* 248 U. S. 372. *Commonwealth* v. *Beaulieu,* 213 Mass. 138. *Commonwealth* v. *Zimmerman,* 221 Mass. 184. *Matter of Allin,* 224 Mass. 9. *Matter of Carver,* 224 Mass. 169. *Holcombe* v. *Creamer,* 231 Mass. 99. The conclusion here reached is in harmony with that of numerous other State courts upon a precisely similar point. *People* v. *McCoy,* 125 Ill. 289. *State* v. *State Board of Medical Examiners,* 34 Minn. 387. *Spurgeon* v. *Rhodes,* 167 Ind. 1. *Meffert* v. *Medical Board,* 66 Kans. 710; affirmed in *Meffert* v. *Packer,* 195 U. S. 625. *Aiton* v. *Board of Medical Examiners,* 13 Ariz. 354. *Freeman* v. *State Board of Medical Examiners,* 54 Okla. 531. *Traer* v. *State Board of Medical Examiners,* 106 Iowa, 559. *State Board of Health* v. *Roy,* 22 R. I. 538.

No discussion is needed to show that the specification charged in the notice is within the terms of the statute, and if found to be true would warrant if it would not require the revocation of the license to practise.

The order dismissing the petition was right.

*Exceptions overruled.*