GEORGE HEALY DAVIS *vs.* BOARD OF REGISTRATION IN MEDICINE.

Hampden.   November 10, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Physicians and Surgeons. Board of Registration in Medicine. Constitutional Law,* Police power.

The provisions of G. L. c. 112, § 2, are constitutional.

The notice to be issued to a registered physician of a hearing before the board of registration in medicine under G. L. c. 112, § 2, is not to be construed with technical strictness, and where no specification is requested with respect to a notice stating, as the charge made, "Alleged association with an unregistered person, to wit . . . [giving the name and address of such person]" no right of the physician can be said to have been disregarded.

It cannot be said that assisting an unregistered person in practising medicine is not a sufficient ground for the revocation or cancellation of a registration under G. L. c. 112, § 2.

BILL IN EQUITY, filed in the Superior Court on August 6, 1924, and afterwards amended, seeking to enjoin the defendants from proceeding with a hearing against the plaintiff.

In the Superior Court, the suit was heard by *Weed*, J., upon the return of an order of notice. By his order there was entered an interlocutory decree denying an "application for a temporary injunction" and dissolving a restraining order which was issued on the filing of the bill. The judge then reported his action to this court under G. L. c. 214, § 30.

The case was submitted on briefs.

*A. A. Tyler*, for the plaintiff.

*J. R. Benton*, Attorney General, & *A. C. York*, Assistant Attorney General, for the defendants.

RUGG, C.J. The plaintiff seeks by this suit in equity to enjoin the defendants, who constitute the board of registration in medicine, G. L. c. 13, § 10, from proceeding with a hearing against him pursuant to a notice issued for him to show cause why his registration as a practitioner of medicine in this Commonwealth should not be revoked. The case is reported on the bill and an order for an interlocutory decree, which it is agreed contains all essential facts.

It is assumed that the plaintiff would suffer irreparable injury in his property and personal rights if the defendants should proceed to revoke his registration, and that therefore in this suit he may question the constitutionality of the statute under which they are proceeding. *Moneyweight Scale Co.* v. *McBride*, 199 Mass. 503, 506. *Shuman* v. *Gilbert*, 229 Mass. 225, 228. *Warr* v. *Collector of Taxes of Taunton*, 234 Mass. 279, 283. *Terrace* v. *Thompson*, 263 U. S. 197, 214, 215.

The statute regulating the practice of medicine and conferring powers of registration of physicians and of revocation of such registration for cause, has been before the court in numerous cases. *Commonwealth* v. *Porn*, 196 Mass. 326. *Commonwealth* v. *Jewelle*, 199 Mass. 558. *Commonwealth* v. *Houtenbrink*, 235 Mass. 320. *Commonwealth* v. *Zimmerman*, 221 Mass. 184. *Commonwealth* v. *De Lon*, 219 Mass. 217. *Commonwealth* v. *Lindsey*, 223 Mass. 392. *Commonwealth* v. *Dragon*, 239 Mass. 549. Its constitutionality,

although decided or assumed in all of those decisions, was examined at large in *Lawrence* v. *Board of Registration in Medicine*, 239 Mass. 424. After a detailed analysis of the statute and a review of many authorities, its constitutionality was upheld. It would be vain repetition to go over that ground again. No argument not then considered has now been addressed to us. Further reflection affords no ground to doubt the soundness of that adjudication. It is affirmed. It is supported in principle by *Douglas* v. *Noble*, 261 U. S. 165, and *Lehmann* v. *State Board of Public Accountancy*, 263 U. S. 394, both decided since.

The statute requires a hearing before a public board, at which the plaintiff may be represented by counsel and call witnesses, with provision for further hearing in court and for revision and reversal of the finding of the board if justice demands such action. Every constitutional right is protected. *Stevens, landowner*, 228 Mass. 368.

It was stated in the notice of hearing to be given to the plaintiff that the specific charge against him was "Alleged association with an unregistered person, to wit, James P. Coll, of 124 State St., Springfield, Mass." Apparently this charge was framed under G. L. c. 112, § 2, whereby the board is empowered after hearing to "revoke any certificate issued by it and cancel for a period not exceeding one year, the registration of any physician, who has been shown at such hearing to have been guilty . . . of acting as principal or assistant in the carrying on of the practice of medicine by an unregistered person."

The notice to be issued to a registered physician of such a hearing is not to be construed with technical strictness. It is to be assumed also that further specifications would be given on proper request in any instance when the subject matter was not fairly set out in the initial notice. No such request appears to have been made in the case at bar. Every presumption is to be made in favor of the regularity and fairness of the methods of procedure and of the proposed action of such a board. *Moore Drop Forging Co.* v. *Board of Conciliation & Arbitration*, 239 Mass. 434, 437. *Ayer* v. *Commissioners on Height of Buildings in Boston*, 242 Mass. 30, 35.

The contention cannot be supported that assisting an unregistered person in practising medicine is not a sufficient ground for the revocation or cancellation of a registration. Incidental means for enforcing and giving effect to a valid statute violate no constitutional rights. This provision stands on this point with the main provisions of the act.

*Final decree to be entered dismissing the bill.*