## Brennan v. Balut

*Frank Slattery, Jr.,* for plaintiff.

*Flood & Brown,* for defendant.

LEWIS, J., June 28, 1950.—This matter comes before the court on defendant's motion for judgment on the pleadings.

On December 14, 1949, plaintiff, William J. Brennan, filed a complaint in assumpsit against defendant, Raymond Balut, in which plaintiff seeks the sum of $709.40 on a purported contract of employment.

The complaint alleges the making of an oral agreement under which plaintiff was employed to perfect certain refinements in apparatus used for the preparation and selling of furs. This suit was instituted for salary and expenses incurred in connection with this work.

On January 6, 1950, defendant filed preliminary objections to this complaint, which objections were dis-

missed by this court because they failed to embody any request or prayer for relief in accordance with Pennsylvania Rule of Civil Procedure 1021. Subsequently, defendant filed an answer and plaintiff replied to the new matter contained in defendant's answer.

On April 20, 1950, defendant filed his motion for judgment on the pleadings, and it is this motion which is now before the court.

The question before the court is whether or not plaintiff may recover for services purportedly performed in the field of engineering when the pleadings admit that plaintiff is not a licensed, registered engineer as required by the Act of May 23, 1945, P. L. 913.

The pleadings admit, and plaintiff's counsel concedes, that plaintiff was not, in fact, licensed. However, plaintiff contends that he is a proficient mechanic of long years of experience and that he does not come within the purview of the statutory restriction. As stated, the pivotal question before the court is whether this plaintiff was engaged in the practice of engineering as contemplated by the Act of 1945, supra.

Section 3 of the Act of 1945 provides:

"In order to safeguard life, health or property and to promote the general welfare, it is unlawful for any person to engage, or to offer to engage in the practice of engineering in this Commonwealth, unless he is licensed and registered under the laws of this Commonwealth as a professional engineer, or for any person to engage or to offer to engage in the practice of surveying, unless he is licensed and registered under the laws of this Commonwealth as a surveyor, or as a professional engineer. It is unlawful for any person to use in connection with his name or to otherwise assume, use or advertise any title or description tending to convey the impression that he is a professional engineer, or a surveyor, or that he is engaged in the prac-

tice of engineering or surveying unless such person is licensed and registered with the board."

Plaintiff readily admits that he did not register and obtain a license but contends that the Act of 1945, supra, is not applicable to him. An examination of the complaint reveals that "plaintiff has been engaged in research development and design engineering as an occupation for a long period of time and as such, he was requested by defendant to prepare certain refinements upon fur sewing machines".

Plaintiff admits that such services necessitated the use of mathematics and complete knowledge of machinery and machine tools. Of course, the court realizes that whether or not the statute is applicable depends upon the nature and character of the services rendered. However, in the light of these pleadings, we feel that the services so rendered constituted, in fact, the practice of engineering as intended by the statute in question.

It was pointed out in Howarth et ux. v. Gilman et al., 164 Pa. Superior Ct. 454, that one who is not licensed and registered as a professional engineer under the Act of May 23, 1945, P. L. 913, cannot recover for engineering services which were unlawful for him to render.

As the court stated in the Howarth case, supra, at page 459:

"The right to follow a chosen occupation is, of course, a property right; yet it is not an absolute right to be acceded to in all circumstances, for where, as here, injury or harm may be visited upon the general public by those who are incompetent or unqualified to be so engaged, then necessary and reasonable restrictions designed to protect the general public clearly represent a valid exercise of the police power of the Commonwealth. Cf. Harris v. State Board of Optometrical Examiners, 287 Pa. 531, 135 A. 237; Lawrence v.

Board of Registration, 239 Mass. 424, 428, 132 N. E. 174; 11 Am. Jur. Constitutional Law, secs. 275, 284. Moreover, engineering is a learned profession with high standards for membership and it is the intention of the Legislature to afford protection from the encroachment of unauthorized practice, which may expose the public to injury. Unquestionably the Act represents a valid exercise of the police power of the Legislature. Cf. Commonwealth ex rel. v. Humphrey, 288 Pa. 280, 286, 136 A. 213."

Thus, in performing the services in question, plaintiff was engaged in doing an illegal act which was expressly prohibited by statute and for which no recovery may be had.

Defendant's motion for judgment on the pleadings is sustained and judgment is hereby entered in favor of defendant.