JENNIE T. AMEE & others *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Middlesex.     April 1, 1912. — June 19, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Easement,* For railroad purposes, Abandonment. *Railroad. Evidence.*

St. 1906, c. 463, Part II, § 80, prohibiting the acquisition of a prescriptive right in the land of a railroad corporation by an owner or occupier of adjoining land, has . no application where the owner in fee of land, subject to an easement of a railroad corporation, has continuously and openly used and occupied the land as his own to the exclusion of the railroad corporation and with its knowledge and acquiescence, and contends that the railroad corporation has abandoned its easement.

At the trial of a petition against a railroad corporation for registration of title, upon the issue whether a strip of the petitioner's land was subject to an easement for railroad purposes or whether if such a right had been acquired by the respondent

it had been abandoned, the petitioner was allowed to show that he and his predecessors in title had paid taxes on the strip from 1855 to the time of filing the petition. *Held,* that it could not be said that there was error in the admission of the evidence, which tended to show the nature and extent of the petitioner's claim and that the petitioner and his predecessors had availed themselves of the alleged abandonment.

On the issue whether a railroad corporation abandoned an easement for railroad purposes acquired by it by right of eminent domain over a certain strip of land, the owner of the land who claims a title free from the easement may show that there was no petition for damages for the taking of the strip of land in question, because the fact that the easement never was paid for makes it easier to draw the inference that it was abandoned.

On the issue whether a railroad corporation abandoned an easement over a certain strip of land, the owner of the land may show the former existence of a fence marking the boundary of the railroad location as excluding the strip, and that this fence had been the continuation of a fence which extended beyond his land, and he also may show that he used the strip for an orchard and garden and for the erection of a shed.

At the trial of a petition for registration of title against a railroad corporation, upon the issue whether an easement for railroad purposes over a strip of the petitioner's land had been abandoned by the respondent or its predecessors, a witness for the petitioner, who testified that he was employed in the city engineer's office, was allowed, against the respondent's exception, to testify that the city engineer's plans showed the boundary of the railroad location as excluding the strip in question. It did not appear that the plans were offered in evidence. They were not shown to have been made in the performance of any duty required by law or to have been connected in any way with the respondent, and it was not shown that the person who made them was deceased. *Held,* that the admission of the evidence was a material error.

PETITION, filed in the Land Court on July 28, 1910, to register the title to two parcels of land situated on opposite corners of Waverly Street and Putnam Avenue in Cambridge.

In the Land Court the case was heard by *Clark,* J. The controversy related to a strip of land sixteen and twenty-five one hundredths feet wide at the end of one of the parcels of land where such parcel adjoined the location of the Grand Junction Branch of the respondent's railroad. The respondent had no deed of the strip and admitted that the fee was in the petitioners subject to the easement for railroad purposes claimed by the respondent. The respondent claimed as successor of the Boston and Worcester Railroad Corporation. It contended that the easement extended to a line forty-one and twenty-five one hundredths feet from the centre line of its railroad location, while the petitioners contended that the easement extended only to a line twenty-five feet from such centre line.

The judge found that the respondent had become entitled to use the strip for railroad purposes, but found that the Boston and Worcester Railroad Corporation and the respondent had abandoned the strip.

The judge, subject to exceptions by the respondent, admitted evidence of the following matters: (1) Of the payment of taxes by the petitioners and their predecessors in title on the strip in dispute from 1855 to date; (2) that no petition for damages had been filed with the county commissioners for the taking of this land; (3) that an old fence had existed about on the twenty-five foot line from 1858 or earlier until about 1901; (4) that this fence was a continuation of an old fence extending in either direction for some distance beyond the petitioners' land; (5) that in 1901 the petitioners built a shed close to the old line of the fence and that it stood there for about six years, although used only for a little over a year; (6) that before 1901 the petitioners had used this lot for an orchard and a garden; (7) that the city engineer's plans showed that the railroad location was fifty feet wide at this point [that is twenty-five feet from the centre line].

The testimony in regard to the city engineer's plans was given by one Davis, called as a witness by the plaintiffs, who testified that he was employed in the office of the city engineer of Cambridge. It did not appear that the plans were offered in evidence.

The rulings requested by the respondent, besides those referred to in the opinion as having been made immaterial by the findings of the judge, were as follows:

"6. There is no evidence of abandonment of this right by the Boston and Worcester Railroad Corporation.

"7. Non-use of any part of said location by the Boston and Worcester Railroad Corporation or the respondent is no evidence of abandonment.

"8. Under St. 1861, c. 100, now St. 1906, c. 463, Part II, § 80, no length of possession or occupancy of the respondent's location by the petitioners creates in them any right to such location of said respondent."

"12. Upon the whole case the burden of proof is upon the petitioners."

The judge made the ruling numbered 12 and refused to make the rulings numbered 6, 7 and 8. He ordered a decree for a registra-

tion of the petitioners' title free from any easement of the respondent; and the respondent alleged exceptions.

The case was submitted on briefs.

*G. H. Fernald, Jr.*, for the respondent.

*C. M. Ambrose*, for the petitioners.

SHELDON, J.   The judge of the Land Court found that the easement which otherwise would have been vested in the respondent had been abandoned, and in our opinion there was evidence which warranted this finding.   *Westcott* v. *New York & New England Railroad*, 152 Mass. 465.   *Bicknell* v. *New York & New England Railroad*, 161 Mass. 428.   *New York, New Haven, & Hartford Railroad* v. *Benedict*, 169 Mass. 262, 267.   This made the respondent's first, second, third, fourth, fifth, ninth, tenth and eleventh requests for rulings immaterial.   Its sixth and eighth requests were properly refused.   St. 1906, c. 463, Part II, § 80, does not apply to a case like this, where the owner of the fee, subject to an easement in favor of the respondent, has continuously and openly used and occupied the land as his own to the exclusion of the respondent and with its knowledge and acquiescence.   See *Harding* v. *Biggs*, 172 Mass. 590, 593, 594; *Hall* v. *Boston & Maine Railroad*, 211 Mass. 174.   It is not a question of the acquirement of rights in the land of a railroad company by an owner or occupier of adjoining land.   Its twelfth request was given.   The seventh request dealt only with a single one of the facts in evidence and need not have been given.

The petitioners were allowed to show that they and their predecessors in title had paid the taxes on this strip of land since 1855.   We cannot say that this was wrong.   *Enfield* v. *Woods, post,* 547.   It tended to show the nature and extent of their claim, and that they had availed themselves of the abandonment which was claimed.   Evidence that there had been no petition for damages for the taking of this strip was competent.   That the easement never had been paid for made the inference of its abandonment easier to draw.   As to this question, it was the converse of *Hummel* v. *Cumberland Valley Railroad*, 175 Penn. St. 537, 539, and *Canton Co.* v. *Baltimore & Ohio Railroad*, 99 Md. 202.

Evidence as to the location and character of the fence and the time of its existence was competent.   It was a reasonable inference that it had been erected by the respondent's predecessor, or with its

consent, and adopted by the respondent as the boundary of the land over which it claimed and exercised an easement.   And evidence that it was the continuation of a fence beyond the petitioners' land tended to strengthen this inference.   In this respect the case of *Smith* v. *New York & New England Railroad,* 163 Mass. 569, is different.

The evidence as to the use of this strip for an orchard and garden and for the erection of a shed was plainly competent.

But we see no ground for the admission of the testimony as to what was shown by the city engineer's plans.   *Smith* v. *New York & New England Railroad,* 163 Mass. 569, 573.   They were not ancient plans; they were not shown to have been made in the performance of any duty required by law; they were in no way connected with the respondent.   They simply showed the unsworn statement as to a material question made out of court by a third person who was not shown to be deceased.   The admission of this testimony was excepted to.   It seems to have been considered by the judge, and may have turned the scale in favor of the petitioners.   He said that he gave very little weight to some other evidence the admission of which was excepted to; but he made no similar statement as to this.

This evidence was wrongly admitted, and the entry must be

*Exceptions sustained.*