HURLBUT ROGERS MACHINERY COMPANY *vs.* BOSTON AND MAINE RAILROAD.

Middlesex. January 16, 1920. — April 1, 1920.

Present: RUGG, C. J., BRALEY, CARROLL, & JENNEY, JJ.

*Railroad. Easement.*

The provisions of Sts. 1861, c. 100; 1874, c. 372, § 107; Pub. Sts. c. 112, § 215; R. L. c. 111, § 271; St. 1906, c. 463, Part II, § 80, prevent the acquiring, by the owner of land adjoining a railroad location, of a title by adverse possession to the whole or to any part of the location or to an easement therein of support for structures on the adjoining owner's land.

PETITION, filed in the Land Court on July 10, 1918, for the registration of the title to certain land in Sudbury.

The petition was heard by *Davis*, J. Material facts found by him are described in the opinion. As to the title to the "small triangular parcel" described in the opinion, the judge, upon "all of the facts . . . found that, if title by adverse possession could, as matter of law, be acquired by the petitioner and its predecessors, it had been so acquired; but ruled as matter of law that title could not be so acquired, and ordered a decree accordingly." The petitioner alleged an exception.

*H. A. Baker,* for the petitioner.

*A. R. Tisdale,* for the respondent.

BRALEY, J. The first question is, whether any portion of the land described in the petition for registration comes within the location of the respondent's railroad. If the boundary lines shown on the plan filed with the petition are the true boundaries, it is manifest that no part of the location is included. But the respondent contended and introduced evidence tending to show that the northerly line of the location ran through the extreme southwesterly corner of the land and buildings leaving a small triangular parcel and part of the chimney within the limits of the railroad location. The boundary being in controversy it was a question of fact on all the evidence, including the various surveys and plans, and the actual occupation and user by the parties, where the true line originally ran and was to be established in the ascertainment of the petitioner's title. *Dodd* v. *Witt,* 139 Mass. 63. *Temple* v. *Benson,* 213 Mass. 128. *Morrison* v. *Holder,* 214 Mass. 366, 368, 369. *Hobart* v. *Towle,* 220 Mass. 293. The adverse finding, that, under the grant appearing of record, the petitioner's land extended only to the northerly side line of the location, having been warranted by the evidence is conclusive. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286, 291.

The petitioner, however, having also claimed title by adverse possession, the next question is, whether on this ground registration could be decreed. The continuous, open, peaceable and unopposed use and occupation by the petitioner of the premises under claim of title for more than the prescribed period undoubtedly is shown by the record, and was found at the trial. It

ordinarily would follow that the petitioner would be entitled to registration. *Holloran* v. *Holloran,* 149 Mass. 298. *First Baptist Church of Sharon* v. *Harper,* 191 Mass. 196, 208. *Keith* v. *Kennard,* 222 Mass. 398. R. L. c. 128, § 18, as amended by St. 1905, c. 249, § 2. But the respondent while not claiming title by deed relies on a location acquired presumably under Gen. Sts. c. 63, §§ 17, 18, the validity of which is not questioned. The petitioner's deed although dated January 16, 1872, was not recorded until 1875, and the taking by the respondent, who is not shown to have had actual notice of the conveyance, was on July 31, 1872. By St. 1861, c. 100, in force when these transactions occurred, and St. 1874, c. 372, § 107, Pub. Sts. c. 112, § 215, R. L. c. 111, § 271, St. 1906, c. 463, Part II, § 80, of similar import and effect, which were operative during the entire period during which prescription is asserted, no length of possession or of occupation of the land belonging to or included within the location of a railroad by an adjoining owner or occupant shall create in him any right to the land belonging to the railroad corporation "so inclosed or occupied." The purpose of these enactments is that title by adverse possession, where the location has not been abandoned, cannot be gained by an adjoining landowner to the whole or a part of a railroad location whether it is acquired by the corporation by purchase or by the exercise of the right of eminent domain. *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286. *Hall* v. *Boston & Maine Railroad,* 211 Mass. 174.

The case of *Amee* v. *Boston & Albany Railroad,* 212 Mass. 421, on which the petitioner places much reliance, is plainly distinguishable. The respondent in the case at bar never having abandoned the location, the statute governs, while in *Amee* v. *Boston & Albany Railroad* there was evidence from which abandonment could have been found, and if so found then there was no location in existence upon which the prohibited intrusion could be made.

It is further urged that even if no title in fee exists, yet an easement of support for the building and chimney has resulted which can be enforced. But the express wording of the statute negatives "a right to such land of the corporation" whether in the nature of a fee or of an easement or servitude of the character disclosed by the record.

We discover no error in the rulings of the trial-judge and the exceptions must be overruled.

*So ordered.*