NITA M. CRAWFORD *vs.* ROBERT M. ROLOSON.

Barnstable.    January 19, 1928.— March 1, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Land Court,* Exceptions, Decree, Rule 7.   *Rules of Court.   Words,* "Manner."

The effect of G. L. c. 185, § 15, is not to import into the practice of the
Land Court all special rules of the Superior Court concerning the saving
of exceptions to rulings of law made in the absence of counsel.

G. L. c. 185, § 15, does not require that Rule 45 of the Superior Court
(1923) shall be followed in the saving of exceptions to a ruling by a
judge of the Land Court in the absence of counsel; a compliance with
Rule 7 of the Land Court is sufficient.

Upon exceptions saved by a petitioner for registration of title in the Land
Court to alleged rulings of the judge in a final decree after rescript from
this court, it appeared that all contentions by the petitioner were in
substance to the effect that the judge erred in his delineation of a cer-
tain line from a fixed point because he had not properly taken into ac-
count the extent of the "variation of the compass, or magnetic, north
from the true north" at various dates of deeds in evidence; and it was
*held,* that such contention related only to matters of fact and brought
no question of law to this court for determination.

PETITION, filed in the Land Court on January 17, 1923,
for the registration of the title to certain land bordering on
the sea in Barnstable.

The petition previously was before this court when a
decision was rendered as reported in 256 Mass. 331.   Pro-
ceedings after rescript before *Davis,* J., and in this court are
stated in the opinion.

*F. E. Crawford,* (*E. I. Smith* with him,) for the petitioner.

*F. Rackemann,* (*Harrison M. Davis* with him,) for the
respondent.

RUGG, C.J.   The questions displayed on this record arise
on a petition for the registration of land.   The respondent
has moved that the petitioner's exceptions be dismissed.   The
cause alleged is that, after a hearing on the merits and in the
absence of counsel, the judge of the Land Court filed a "mem-
orandum and order" on the fourteenth day of July, 1927,

and that on the first day of the following August the petitioner filed a bill of exceptions, and that the exceptions were not claimed and saved in any other way than by the filing of the bill of exceptions. The exceptions, filed within the statutory time, were subsequently allowed, but no written statement of claim of exceptions was filed within three days after the "memorandum and order" were filed. This procedure was in accordance with the final sentence of Rule 7 of the Land Court, approved to take effect on the twenty-fifth day of November, 1916, which is in these words: "But no statement other than that contained in a bill of exceptions that a party excepts to an order, ruling or decision made in the absence of counsel, need be filed." The respondent contends that this rule and practice is contrary to that part of G. L. c. 185, § 15, which provides that "Questions of law arising in the land court on any decision or decree may be taken by any party aggrieved directly to the Supreme Judicial Court for revision in the same manner in which questions of law are taken to that court from the Superior Court," because it is provided by Rule 45 of Superior Court (1923) that "Exceptions to an order, ruling or decision made in the absence of counsel shall be saved by filing in the clerk's office within three days after the receipt of notice from the clerk of such order, ruling or decision, a written statement that the party excepts thereto." This contention cannot be supported. The effect of said § 15 is not to import into the practice of the Land Court all special rules of the Superior Court concerning the saving of exceptions to rulings of law made in the absence of counsel. The Land Court is empowered to make "general rules and forms for procedure, which, before taking effect, shall be approved by the Supreme Judicial Court or by a justice thereof." G. L. c. 185, § 1. The time and manner of taking exceptions to rulings of law made in the absence of counsel are proper subjects to be regulated by a rule of court. Formerly, in the Superior Court these matters were governed by general principles of practice. *Graves* v. *Hicks*, 194 Mass. 524. Now they are governed by said rule 45. *Riley* v. *Brusendorff*, 226 Mass. 310. The power conferred upon the Land Court to make

rules when they are approved by the Supreme Judicial Court covers the matter of procedure. It cannot be thought that the Legislature, in conferring this power, intended to make the Land Court subject in this very matter to the rules of the Superior Court. The provision of said § 15, already quoted, means that alleged errors of law arising in the Land Court are to be taken to the Supreme Judicial Court by the same legal form as are those arising in the Superior Court; that is to say, by exceptions or appeal or whatever other form may be required by statute. The word "manner" in that section is to be thus interpreted.

The saving or claim of an exception and the filing of a bill of exceptions are two separate steps in ordinary practice and procedure. But there is nothing in the nature of things incompatible in combining them in one written instrument. The provisions of said § 1 as to the making of rules governing procedure in the Land Court, and of said § 15 as to the manner of taking questions of law from the Land Court to the Supreme Judicial Court, must be construed as in harmony and as giving effect to each. The rule of the Land Court already quoted is reasonable. *Lawrence* v. *Board of Registration in Medicine*, 239 Mass. 424, 427. It was duly adopted and approved. It governed the present procedure. The motion to dismiss must be denied.

The petition for registration relates to land in the town of Barnstable. It was before us in 256 Mass. 331, where it was decided that, the starting point for the lines in dispute having been found to be a stone monument, and the deed lines having been found capable of location on the ground with mathematical exactness with reference to this stone monument, the boundary must be located in accordance with such deed lines as described by courses and distances. The case came on for hearing in the Land Court after rescript. The judge of that court correctly interpreted his duty under the rescript. He then proceeded to state some of the evidence and to describe the boundary line, and concluded in these words: "I find 'that the boundary lines located in accordance with the deed lines as described by courses and distances in the deed of 1878 starting from the stone monu-

ment north of the windmill' are as shown in red on the blueprint of the Pierce & Barnes plan of January 1, 1924."

There is nothing in this record to indicate that the boundary lines as thus described are not correct and in accordance with the deed and located upon the ground with mathematical exactness in conformity to the courses and distances given in the deed.

We are unable to perceive any question of law in the various requests for rulings presented by the petitioner. They all appear to us to relate to matters of fact. Engineering theories as to the extent of the "variation of the compass, or magnetic, north from the true north," and as to the correct method of calculation of courses contained in instruments of divers dates and used with respect to land geographically distant from Boston, where it seems to be assumed that observations have been made, present no question of law. Where a line or lines described by specified courses and distances may fall upon the face of the earth or may be delineated upon a plan, is not a question of law but a matter of fact. Counsel for the petitioner has argued his contentions with great earnestness. But it would serve no useful purpose to examine his contentions one by one, because they are all resolved into disputes of fact and do not present any question of law. The record fails to show that the judge adopted erroneous principles of law as guides to his findings of fact, or reached unsound conclusions of fact in locating the controverted boundary lines.

*Respondent's motion to dismiss
exceptions denied.*
*Petitioner's exceptions overruled.*