OTTO S. LYON & another *vs.* CLAYTON PARKINSON.

Worcester. April 7, 1953. — July 3, 1953.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Adverse Possession and Prescription. Land Court,* Exceptions: whether error harmful; Registration proceeding; Petition. *Error,* Whether error harmful.

A respondent in a proceeding in the Land Court for registration of land was not harmed by a failure to name him in the petition as an abutting owner where it appeared that he received notice of the proceeding, filed an answer therein and participated in the trial thereof. [375, 377]

The mere fact that a petition in the Land Court by husband and wife for registration of land was not sworn to by the wife as required by G. L. (Ter. Ed.) c. 185, § 28, did not require dismissal of the proceeding after full trial on the merits. [377]

A conclusion that a landowner having a right of way over a parcel of land twenty feet wide along one of the boundaries of his land had acquired title by adverse possession to a narrow strip of such parcel next to that boundary was justified where it appeared that when he took title to his land he thought that it included the narrow strip, that he then cleared the strip in conjunction with his land, made a large part of the strip into a lawn, constructed a rock garden on his land extending onto another part of the strip, and installed rip-rap to prevent erosion at one end of the strip bordering a lake, that every summer thereafter the strip "was tended" and the rock garden and lawn "kept up," and that there "was no trouble" for more than twenty years. [379–380]

A transfer of title to a parcel of land by its owner through a conduit to himself and his wife as tenants by the entirety did not interrupt twenty years' adverse possession of an adjoining strip of land by him at first and by him and his wife after such transfer. [380]

PETITION, filed in the Land Court on March 26, 1951.

The case was heard by *Cotton*, J.

The material features of the plan mentioned in the opinion are shown on page 376.

*John M. Boyle*, for the respondent.

*John G. Brackett*, for the petitioners.

WILLIAMS, J. This is a petition by Otto S. Lyon and his wife Annie B. Lyon for the registration of title under the provisions of G. L. (Ter. Ed.) c. 185 to a parcel of land on Nipmuck Pond in Mendon bounded and described as follows: "Southeasterly, by the end of a twenty foot right of way and land of Otto Lyon, Trustee, one hundred eighty-five (185.) feet, plus or minus; Westerly, Northwesterly, Northerly, Northeasterly, Southeasterly and Northeasterly by Nipmuck Pond, three hundred eighty-six (386) feet, plus or minus; Northeasterly, by land of Gertrude Wright, one hundred six (106) feet, plus or minus; Said parcel contains an area of 24,750 square feet, more or less, and is more particularly shown on a plan to be filed herewith." The respondent in his answer objects to the registration because the land is subject to a right of way to the pond and because the "metes and bounds set forth in the petition are not proper or correct." A judge of the Land Court made findings of fact, denied certain rulings requested by the respondent, and ruled that the petitioners were entitled to registration. The case is here on the respondent's exceptions to the denial of his requests for rulings. Only questions of law are presented and the findings of fact must stand if warranted on any view of the evidence with its justifiable inferences. *Erickson* v. *Ames*, 264 Mass. 436, 441. *Sutcliffe* v. *Burns*, 294 Mass. 126, 132.

One of the respondent's contentions is that the petition should be dismissed because he was not named therein as an adjoining owner. It appears that, after the petition was

filed, he was named as an abutter in the order for publication made pursuant to § 38 of the statute, and received notice of the petition. Thereafter he filed an answer and participated in the trial. Having had full opportunity to be heard, his rights have not been affected and he is not aggrieved. *Prentiss* v. *Gloucester,* 236 Mass. 36, 56. He also urges the dismissal of the petition on the ground that Annie B. Lyon did not make oath to it. Section 28 provides that the petition shall be sworn to by each petitioner. If the absence of Mrs. Lyon's oath had seasonably been brought to the attention of the court, the petition might have been dismissed. We think, however, that after a trial upon the merits at which the facts alleged in the petition presumably were verified under oath this defect in form does not justify dismissal. See *Welsh* v. *Briggs,* 204 Mass. 540, 553.

The issues raised by the answer concern the correctness of the northeasterly and southeasterly boundaries of the land sought to be registered and the existence of a right of way to which, it is alleged by the respondent, it is subject. It is stated in the petition that the locus is bounded northeasterly by land of Gertrude Wright and southeasterly by land of Otto Lyon, trustee. From the evidence it appeared that the locus included land to which the petitioners claim record title and also a strip 4.93 feet wide along its northeasterly boundary to which they claim title by adverse possession. The respondent owns land lying generally south and east of the locus. Both the locus and the respondent's land were formerly part of a large tract owned by one Alanson Freeman. In 1924 he conveyed two parcels, referred to in his deed as tracts 1 and 2, to Fred R. Phipps. Tract 2 was described as "Beginning at a stake on the shore of . . . Nipmuck Lake thence running S. 26° 25' west, 130 feet to a stake bounding east on roadway of grantor; then S. 65° 35' W. 145 feet to a stake at the shore of said lake, bounding south on land of grantor; thence along the shore of said lake to point of beginning." Phipps conveyed tract 2 by a deed containing substantially the same description to the petitioner Otto S. Lyon in 1925. On January 21, 1931,

Lyon conveyed it to Howard K. Hobbs who on the same day reconveyed it to the petitioners Lyon and his wife Annie B. Lyon to hold as tenants by the entirety. The petitioners have owned this land since that date. The "stake on the shore of" the lake which was the point of beginning of the descriptions in the aforementioned deeds was found by the judge to be correctly located on the plan at a point marked in red ink "Old Stk & stones." See *Holmes* v. *Barrett*, 269 Mass. 497, 500. He found that the boundary line which from that point ran "130 feet to a stake bounding east on roadway of grantor" was, because of a scrivener's error, erroneously stated in the deed as running S 26° 25′ W and that the intended course was S 26° 25′ E. He found that "To adhere to a SW course would bring the second bound well into the lake," and that examination of the deeds of adjoining owners showed a southeast course to be "the only reasonable construction and all parties have so treated it as the true boundary in fact." See *Parks* v. *Loomis*, 6 Gray, 467, 472. This northeasterly bound with the course corrected to run southeast is shown on the plan by a line drawn in red ink. It runs 130 feet to a point marked "bolt." The southeasterly boundary of the land to which the judge referred as "the second bound" is indicated on the plan by a black line and runs from the bolt in accordance with the description in the deeds S 63° 35′ W to the shore of the pond. This line is approximately 180 feet in length; whereas the southeasterly bound of the land is stated in the deeds to be 145 feet long. The position of the bolt having been established as marking the end of the northeasterly bound and the southeasterly corner of the locus, it is apparent that the length of the southeasterly bound which runs from that point to the lake as a monument is erroneously described in the deeds to be 145 feet and that the correct length is that indicated on the plan. The land of Otto Lyon, trustee, is all south of this bound (see *Baker* v. *Miller*, 284 Mass. 217, 222–223) and the contention of the respondent that the described locus includes part of that land cannot be sustained. In reference thereto the judge stated, "Respondent

appears to be under the impression that petitioners ask registration of the area marked 'Otto Lyon, Trustee' on filed plan. This is not so."

The principal controversy relates to a strip of land 4.93 feet in width along the above described northeasterly boundary to which strip the petitioners claim title by adverse possession. In 1925 Freeman granted to Lyon a right of way over a strip of land 20 feet in width along the latter's northeasterly boundary, beginning at a stake "on the easterly side of the grantees lot on southerly side of Nipmuck Lake." This stake is found to be the same as the stake referred to as the point of beginning of the descriptions in the above mentioned deeds. In 1948 Freeman conveyed the fee in this 20 foot strip to the respondent. It lies between the land of the petitioners and the land of Gertrude Wright. The respondent seems to contend that because the petition made no mention of the petitioners' right of way over this strip or of the fact that the respondent by reason of his ownership of it was the adjoining owner on the northeast the petition should be dismissed. There is no merit in these contentions. The facts alleged in the petition are only statements of claim the validity of which must be decided by the court. If inaccurate, they will be cured by the findings of the court.

The judge found that the southwesterly portion of this 20 foot strip which was 4.93 feet in width and adjoined the northeasterly boundary of the petitioners' land had been acquired by them through adverse possession. This strip is shown on the plan as lying between a black line which marks the northeasterly boundary of the locus and the red line which marks the northeasterly boundary of that part of the locus to which the petitioners have record title. The specific findings were as follows. "In 1925 when petitioner acquired title to locus he thought that his line ran from the stake southerly to a large boulder [shown on the plan on the shore of the lake at the northeasterly corner of the 4.93 foot strip] and then continued southerly along the easterly side of the strip. The area on the Wright land was completely brushed in but the disputed strip was not brushed in as

much. He proceeded to clear this area, and land west of it, by removing stumps, cutting out brush and some trees and digging out rocks which were used to make a rock garden on locus which extended onto the strip. He also used the rocks to build a low rip-rap from the stake to the big boulder to prevent erosion by the lake. He brought loam and fertilizer and made a lawn of the northerly two thirds of the strip. Every summer this strip was tended and the rock garden and lawn kept up. He always stopped anyone he saw passing over his locus. The few coming onto his land did so to the west of the strip. There was no trouble until 1949 when respondent telephoned and said he was going to bulldoze a 20 foot strip over locus to the lake. In 1925 there was no evidence of a path or use of any kind on this strip. The balance of the way is still wild land." These findings which are based on evidence, which is only partially stated in the bill of exceptions, must stand. They are sufficient to warrant the conclusion of the judge. *La-Chance* v. *First National Bank & Trust Co.* 301 Mass. 488, 490–491. *Nantucket* v. *Mitchell*, 271 Mass. 62, 68.

It could be found that, contrary to the contention of the respondent, the adverse possession of Lyon and later of Lyon and his wife was not interrupted by the transfer of title of Lyon through Hobbs to the petitioners as tenants by the entirety in 1931. *Wishart* v. *McKnight*, 184 Mass. 283, 285–286. It seems plain that Hobbs was used as a conduit and was only invested with so called instantaneous seisin. *Libbey* v. *Tidden*, 192 Mass. 175, 183.

It is unnecessary to consider the respondent's requests for rulings in detail. We agree with the judge that they "are difficult to follow." We have dealt with all matters to which, so far as we understand, they are intended to relate. The record fails to show that the judge adopted erroneous principles of law as guides to his findings of fact or reached unsound conclusions of fact in locating the boundary lines. *Crawford* v. *Roloson*, 262 Mass. 527, 530. The petitioners are entitled to register the land as described in their petition and shown on their filed plan. *Exceptions overruled.*