EDWARD L. BRITT *vs.* AARON J. ROSENBERG.

No. 95-P-1236.

Norfolk. April 12, 1996. - June 7, 1996.

Present: BROWN, GREENBERG, & LENK, JJ.

*Judgment,* Default. *Practice, Civil,* Default, Attorney's fees, Costs, Frivolous action. *Damages,* Attorney's fees.

A judge in a civil action did not abuse his discretion or otherwise commit an error of law in denying plaintiff's motion to vacate a default judgment entered for his failure to appear at a pretrial conference, where the plaintiff and his attorney (jointly and separately) engaged in numerous dilatory and fraudulent actions in apparent disregard of orders of the trial court. [554-555]

Damages and costs under Mass.R.A.P. 25 and G. L. c. 211A, § 15, were imposed on a party whose appeal in an action arising out of his attempt to avoid paying the amount due on a promissory note was frivolous. [555]

CIVIL ACTION commenced in the Superior Court Department on June 4, 1991.

A default judgment was ordered by *Daniel A. Ford,* J., and a motion for relief from judgment was heard by *Thomas E. Connolly,* J.

*Stephen M. Voltz* for the plaintiff.

*James B. Conroy* for the defendant.

BROWN, J. The jurisprudence of the Commonwealth certainly would not be enhanced by tracing in detail this tortured tale of a debtor who used every scheme imaginable (though none novel) to avoid paying the amount due on a promissory note. It sets the stage sufficiently to recount that the plaintiff borrower sued the lender two weeks before the note became due, claiming that he had been coerced into

signing it.[1] Then, the disingenuous, dilatory, and obfuscatory maneuvers began. Today we attempt to drive a stake through the heart of this caricature of judicial process. Although we need not dwell at length on the machinations of the plaintiff and his attorney in their conduct of this litigation, a brief outline of their transgressions is instructive.[2]

The plaintiff appeals from judgments entered against him on his claim and on the defendant's counterclaim seeking payment on the note. The judgments were entered after the plaintiff was defaulted for his failure to appear at a pretrial conference. If this were the plaintiff's only transgression, and if his explanation for his failure to appear was not so fraught with fraud, we might agree that it would be an abuse of discretion to refuse to remove the default. Compare *Wilkinson* v. *Guarino*, 19 Mass. App. Ct. 1021, 1022-1023 (1985). Such is not the case here.

The plaintiff's dilatory tactics began with his filing of an opposition to the defendant's motion for summary judgment nearly four months late. In the intervening period the plaintiff received an extension from the defendant and then a one-month stay from the court (upon an ex parte motion) on the strength of a claim that his file had been stolen. There followed an unexplained delay of approximately three months until another ex parte motion was filed by the plaintiff seeking leave to file a late opposition on the basis that he had just received the defendant's summary judgment filings.

Thereafter, the plaintiff sought and received continuances of pretrial conferences, was defaulted for failing to answer the defendant's amended counterclaim, changed lawyers, sought to have the case transferred from the "fast track" to the "average track," moved to continue the then scheduled trial date due to successor counsel's withdrawal, and rehired his previously fired counsel who later moved to continue another scheduled trial date due to an alleged conflicting commitment. In the interim, disciplinary proceedings were pending against plaintiff's counsel which, in May, 1994, resulted in his suspension from the practice of law.

---

[1]As a rather curious aside, the plaintiff here has given a new meaning to the term chutzpah: the promissory note was given to the defendant to pay for a parcel of land, which, upon resale (prior to the due date of the note), purportedly produced an extremely large profit (nearly four-fold) for the plaintiff.

[2]Appellate counsel for the plaintiff was not the attorney who engaged in the dilatory tactics and fraud set forth in this opinion.

The plaintiff and his counsel then conspired to perpetrate a fraud upon the court; plaintiff's counsel proposed, and the plaintiff agreed, that counsel would continue to draft and file pleadings but would sign the plaintiff's name as if he were proceeding pro se. This subterfuge continued through the final pretrial conference at which the plaintiff failed to appear and was defaulted. A paralegal at plaintiff's counsel's office called the court and opposing counsel on the day of the pretrial conference, identified herself as the plaintiff's niece, and claimed that the plaintiff's illness prevented his attendance. The plaintiff was aware of this prevarication but failed to so inform the court until after the defendant's unopposed (the plaintiff having failed timely to file an opposition) motion for a default judgment and assessment of damages was allowed by the court. Additional "emergency" motions were subsequently filed by plaintiff's counsel (under the plaintiff's pro se signature) seeking a stay; no motion to remove the default was ever filed. After an assessment of damages hearing held in January, 1995, judgment entered for the defendant. The plaintiff's motion to vacate the default judgment pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), was denied, and this appeal ensued.

Whether a litigant is represented by counsel or proceeding pro se, "[j]udges do not like slick." *Commonwealth* v. *Mc-Miller*, 29 Mass. App. Ct. 392, 410 (1990) (Brown, J., concurring). That is what we have here: a more egregious manifestation of that condemned practice of filing a motion for a continuance "pending the passage of time." In furtherance of this charade, the plaintiff alternated between proceeding pro se and with retained counsel; he even went so far as to rehire an attorney he claimed he had discharged earlier for unsatisfactory performance — all this to provide a platform to "shore up" his requests for continuances and to perpetuate a fraud on the court.

The plaintiff's "conduct constituted both an affront to the court's dignity and a perversion of the court's purposes as an institution for just resolution of legitimate disputes." *Miaskiewicz* v. *Commonwealth*, 380 Mass. 153, 158 (1980). In sum, in light of the numerous dilatory and fraudulent actions on the part of the plaintiff and his counsel (jointly and separately), the apparent flouting of orders of the trial court, and even overlooking a prior quite generous vacation of a

default judgment, we can say with complete confidence that on this record the judge did not abuse his discretion or otherwise commit an error of law in denying the plaintiff's motion to vacate the default judgment. Indeed, in these circumstances it would have been an abuse of discretion not to have denied the plaintiff's motion.

This is another example of an obviously foredoomed appeal. Even if we were to take an extremely generous view of the appellant's assertions on appeal, we still would be hard pressed to find anything close to a colorable argument that the judge who acted on the motion to vacate the default judgment had committed an error of law. See, e.g., *Piccicuto* v. *Dwyer*, 32 Mass. App. Ct. 137, 140 (1992). "Not to condemn this sort of conduct, as a consequence of which 'the very temple of justice has been defiled,' *Universal Oil Prod. Co.* v. *Root Ref. Co.*, 328 U.S. 575, 580 (1946) (Frankfurter, J.), does a disservice to the bench, the bar, and the public." *Hodge* v. *Klug*, 33 Mass. App. Ct. 746, 759-760 (1992) (Brown, J., concurring).

The appeal is totally devoid of "merit and the appellant [surely must] have known it." *O'Flynn* v. *Powers*, 38 Mass. App. Ct. 936, 937 (1995). It has been pursued for no reason other than to avoid payment of a just debt. Accordingly, on the defendant's motion, we determine that he is to be awarded as damages $12,500 in legal fees for the appeal, as well as double costs of the appeal. See Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979), and G. L. c. 211A, § 15. See also *Farm Constr. Serv., Inc.* v. *Robinson*, 21 Mass. App. Ct. 955, 956 (1986), and cases cited.

The judgment is affirmed. Damages and costs in the sums provided above are to be contained in an execution against the plaintiff, Edward L. Britt, to issue from, and to be enforced by, the Superior Court.

*So ordered.*