The parties own adjacent parcels of land on Furnace Pond in Pembroke. After a dispute erupted concerning the location of their common boundary line, the defendant, Edward F. McDonald, hired John Keefe, a registered land surveyor, to survey the property. In 2006, Keefe prepared a plan of land (the Keefe plan) showing that McDonald's home is situated entirely on his own lot. The plaintiff, Zbigniew Cytrynowski, hired Douglas Bailey, also a registered land surveyor, to conduct a survey. Bailey prepared his own plan showing the parties' common property line cutting right through McDonald's home.
Cytrynowski brought an action to quiet title in the Land Court.[2] McDonald filed an answer and counterclaim seeking declaratory relief. He then filed a complaint, also in the Land Court, to register title to the property. The quiet title case and the registration case were consolidated by order dated October 4, 2010.
After a one-day trial, the Land Court judge found that the Keefe plan correctly depicts the property line. The judge directed that judgment enter in McDonald's favor in the quiet title case.[3] In the registration case, the judge ordered that McDonald's land "be registered and confirmed subject to other matters as are disclosed by the examiner's abstract which are not in issue herein." Cytrynowski's appeal followed. We affirm.
1. Jurisdiction. Cytrynowski first argues that the judge lacked authority to "change" the location of the boundary line between the two parcels.[4] This argument is easily dispatched because the judge's decision does not purport to change the location of the boundary line. Instead, the judge merely declared the location of the line. It was well within his authority to do so. See G. L. c. 185, § 1(k ) and (o ).
2. Factual determinations. In a boundary dispute, the true location of a property line is a question of fact. Hurlbut Rogers Mach. Co. v. Boston & Me. R.R., 235 Mass. 402, 403 (1920). Moreover, in a registration case, "[o]nly questions of law are presented and the findings of fact must stand if warranted on any view of the evidence with its justifiable inferences."[5] Lyon v. Parkinson, 330 Mass. 374, 375 (1953). Here, in a detailed written decision, the judge found that the Keefe plan "was the most consistent with prior deed descriptions and plans as to the locations of the monuments that defined the Cytrynowski and McDonald Properties, dating back to the partition of the original parcel." Keefe had located all monuments referenced in McDonald's chain of title, and the distances he calculated matched those set forth in the deeds within inches. In contrast, Bailey did not locate all monuments and his survey was reliant on the location of a concrete marker that had been incorrectly placed many years earlier.
In summary, the judge here chose between competing expert opinions. He gave a detailed rationale for his choice, which was not unreasonable. See Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509-510 (1997) (judge's plausible choice between two permissible views cannot be found to be clearly erroneous). Cytrynowski has failed to demonstrate that the judge's finding that the Keefe plan "correctly depicts the location of the parties' boundary lines" was not warranted on any view of the evidence or was clearly erroneous.[6] ,[7] See Lyon v. Parkinson, supra. See also Mass.R.Civ.P. 52(a), as amended, 423 Mass. 1402 (1996).
3. Appellate fees. McDonald seeks an award of appellate attorney's fees and double costs pursuant to G. L. c. 211A, § 15, and Mass.R.A.P. 25, as appearing in 376 Mass. 949 (1979), on the ground that Cytrynowski's appeal is frivolous.[8] Because Cytrynowski had "no reasonable expectation of a reversal," Allen v. Batchelder, 17 Mass. App. Ct. 453, 458 (1984), we agree that his appeal was frivolous and an award of appellate attorney's fees and double costs is appropriate. See Avery v. Steele, 414 Mass. 450, 455-457 (1993). Consistent with the requirements of Fabre v. Walton, 441 Mass. 9, 10 (2004), McDonald may file a request for appellate attorney's fees and costs, along with supporting documentation, within fourteen days of the date of the rescript.[9] Cytrynowski will have fourteen days thereafter within which to respond.
Judgment affirmed.

Cytrynowski first brought an action to try title pursuant to G. L. c. 240, § 1. This claim was amended to assert a quiet title action pursuant to G. L. c. 240, § 6. The complaint also sought damages for trespass and equitable relief.

Judgment entered for McDonald and against Cytrynowski on his quiet title claim and McDonald's declaratory judgment counterclaim. Cytrynowski's remaining counts (for trespass, injunctive relief, and declaratory judgment) were dismissed with prejudice. McDonald's remaining counterclaims (for slander of title, abuse of process, interference with advantageous relationships, and recovery under G. L. c. 231, § 6F ) were dismissed without prejudice.

More precisely, Cytrynowski claims that a Land Court judge does not have the authority to change boundary lines "except in registration or confirmation cases." This argument is enigmatic. Cytrynowski does not provide a supporting citation for this proposition, and the judge's decision was rendered in the context of a registration case in any event.

"This is an even narrower standard of review than the 'clearly erroneous' test of Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974)." Norton v. West, 8 Mass. App. Ct. 348, 350 (1979). Under either standard, however, the judge's findings here are amply supported by the record.

Cytrynowski argues that the judge's decision must be erroneous because it results in creation of a triangular-shaped gap in his property. This argument is unavailing because the judgment only locates the boundary line between Cytrynowski's and McDonald's respective land. The judgment does not purport to declare the full extent of Cytrynowski's property interests as against any nonparties to the case. Moreover, to the extent Cytrynowski argued at trial that evidence of such a gap should have called into question the accuracy of the Keefe plan, we see no error in the judge's apparent rejection of that theory. See Brandao v. DoCanto, 80 Mass. App. Ct. 151, 155-156 (2011) (not enough on appeal to point to contrary evidence judge may not have credited or to suggest judge should have weighed evidence differently).

Cytrynowski also argues that a draft plan of land created by a surveyor who did not testify at trial should have been credited by the judge, and that this draft plan supported an inference that a false monument (in the form of a rotted iron pipe) was planted by an agent of McDonald. Again, we perceive no error in the judge's assessment of the evidence and his apparent rejection of this theory. See Brandao v. DoCanto, 80 Mass. App. Ct. 151, 155-156 (2011).

This court has awarded attorney's fees pursuant to these provisions. See Britt v. Rosenberg, 40 Mass. App. Ct. 552, 555 (1996). Notably, although G. L. c. 211A, § 15, refers only to an award of double costs and interest on money judgments, Mass.R.A.P. 25 authorizes an award of single or double costs and "just damages," which may include attorney's fees. Worcester v. AME Realty Corp., 77 Mass. App. Ct. 64, 72 (2010).

The request should be detailed enough to allow this panel to properly calculate a fee award. See Fontaine v. Ebtec Corp., 415 Mass. 309, 324-325 (1993) (setting out relevant factors).