NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-719

PAUL E. LINDER

vs.

BRUCE S. POLLAK.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this appeal from a Superior Court default judgment, the defendant, Bruce S. Pollak, challenges the order dated March 21, 2019, denying his "motion to vacate default judgment."[1]  We affirm.

---

[1] The defendant moved for relief pursuant to Mass. R. Civ. P. 60 (b) (1), 365 Mass. 828 (1974).  However, the motion should have been brought under Mass. R. Civ. P. 55 (c), 365 Mass. 822 (1974), because, at the time of the motion, only a default had entered, and the entry of a default without a determination of damages is not a final judgment.  Despite the fact that the good cause standard of rule 55 (c) is "less stringent" than the excusable neglect standard of rule 60 (b) (1), see Institution for Sav. in Newburyport & Its Vicinity v. Langis, 92 Mass. App. Ct. 815, 822 (2018), and the judge's ruling applied rule 55 (c), the defendant again frames his appellate argument under the paradigm of rule 60 (b) (1). We construe the defendant's argument regarding excusable neglect as one for good cause to set aside the default.

"For good cause shown the court may set aside an entry of default." Mass. R. Civ. P. 55 (c), 365 Mass. 822 (1974). Good cause requires "a good reason for failing to . . . defend in a timely manner and . . . meritorious defenses." Johnny's Oil Co. v. Eldayha, 82 Mass. App. Ct. 705, 708 (2012). "A defendant, trying to set aside a default or default judgment (whether under Rule 55[c] or Rule 60[b]) must, in any event, accompany his motion with an affidavit setting forth the facts and circumstances (including the nature of his defense on the merits) upon which he rests his motion." New England Allbank for Sav. v. Rouleau, 28 Mass. App. Ct. 135, 140 (1989).

Good cause determinations are reviewed for abuse of discretion. Johnny's Oil Co., 82 Mass. App. Ct. at 708. "We do not consider that discretion abused unless its exercise has been characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice." Id., quoting Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986).

Here, the defendant's motion was accompanied only by the affidavit of his attorney. This was insufficient for two reasons: (1) although the attorney certified to the truth of the statements contained in the affidavit, such certification does not extend to the underlying representations made by the

2

defendant to his attorney; and (2) in relevant part, the affidavit merely states that the defendant "represented to [his attorney] that [the defendant] had made pleading errors defending pro se," and does not detail the reasons for such errors. See Briscoe v. LSREF3/AH Chicago Tenant, LLC, 481 Mass. 1026, 1027 (2019), quoting International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983) ("A pro se litigant is bound by the same rules of procedure as litigants with counsel").

The defendant cites to Superior Court Rule 9A (a) (4) for the proposition that a supporting affidavit was not required, as the facts relied on in his motion were "readily apparent in the record."[2] We need not decide whether rule 9A (a) (4) operates as an exception to the affidavit requirement, see New England Allbank for Sav., 28 Mass. App. Ct. at 140, because, even if it did, the facts that the defendant claims to be apparent in the record are plainly insufficient to establish good cause.

The defendant contends that such facts include the following: (1) that "[he] has been without counsel and has made grave but repairable errors during the pleading stage of this

---

[2] Rule 9A (a) (4) provides that "[t]he court need not consider any motion . . . based on facts unless the facts are verified by affidavit, [or] are otherwise apparent in the record."

3

case"; and (2) that "pro se, [he] tried[3] to plead his case, and failed."  Again, the mere fact of the defendant's self-representation, as a matter of law, does not amount to good cause for his failure to plead or otherwise defend.  See Briscoe, 481 Mass. at 1027.  The judge did not abuse his discretion in declining to set aside the default.[4]

The plaintiff seeks an award of appellate attorney's fees pursuant to Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019), on the ground that the defendant's appeal is frivolous.  See G. L. c. 211A, § 15.[5]  Because the defendant had "no reasonable expectation of a reversal," Allen v. Batchelder, 17 Mass. App. Ct. 453, 458 (1984), we agree that his appeal was

_____

[3] The defendant does not argue, let alone establish, that underlying facts are apparent on the record to support the otherwise conclusory assertion that he "tried" to defend.

[4] The defendant's failure to make a showing of good cause is dispositive.  See Johnny's Oil Co., 82 Mass. App. Ct. at 708.  Therefore, we need not address the defendant's arguments regarding the showing of meritorious defenses.  Additionally, the defendant argues, in his reply brief and without citation to legal authority, that the judge should have, sua sponte, "acted-upon what [the defendant] had to say" at the damages assessment hearing.  This argument is waived.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

[5] This court has awarded attorney's fees pursuant to G. L. c. 211A, § 15, and Mass. R. A. P. 25.  See Britt v. Rosenberg, 40 Mass. App. Ct. 552, 555 (1996).  See also Worcester v. AME Realty Corp., 77 Mass. App. Ct. 64, 72 (2010) (rule 25 permits award of single or double costs and "just damages," which may include attorney's fees).

4

frivolous, and an award of appellate attorney's fees is appropriate.  Consistent with the requirements of <u>Fabre</u> v. <u>Walton</u>, 441 Mass. 9, 10 (2004), the plaintiff may file a request for appellate attorney's fees, along with supporting documentation, within fourteen days of the issuance of the decision in this case.[6]  The defendant shall have fourteen days thereafter within which to respond.

<u>Judgment affirmed</u>.

By the Court (Meade,
Hodgens & Toone, JJ.[7]),

Clerk

Entered:  May 5, 2025.

---

[6] The request should be detailed enough to properly calculate a fee award.  See <u>Fontaine</u> v. <u>Ebtec Corp</u>., 415 Mass. 309, 324-325 (1993) (setting out relevant factors).

[7] The panelists are listed in order of seniority.